Application of Frank J. NIEVELT.
Patent Appeal No. 8975.

United States Court of Customs and Patent Appeals.
Aug. 30, 1973.

L. Gaylord Hulbert, Whittemore, Hulbert & Belknap, Detroit, Mich., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Robert D. Edmonds, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claim 11 of application serial No. 585,412, filed October 10, 1966, entitled "Roof Vent Pipe Shield" for obviousness under 35 U.S.C. § 103. Claims 1–10 of the application have been allowed. We affirm.

The invention, illustrated by the following figure of appellant's application is a shield which is designed to be placed over an existing roof vent pipe to

protect the outer and inner surfaces and the flashing of the vent pipe:

[A 7775]

The vent pipe 11 projects through the roof and through collar 13 of sheet metal base 14 which in turn is mounted beneath shingles 15 so as to insure a leak-proof construction. Appellant's shield consists of an elongated outer cylinder 26 and an inner cylinder 24 connected at the top end 25 and spaced apart to provide an annular space sufficient to receive vent pipe 11. Outer cylinder 22 is of uniform diameter from the top end 25 to the line 27 where it flares outwardly to form a skirt 19. Thus the inside of vent pipe 11 is protected for a substantial distance downward from its top end and the invention forms a shield for the inside as well as the outside of the roof vent pipe 11 and for the flashing around the pipe.

Claim 11 reads:

A shield for protecting a roof vent pipe comprising an outer cylindrical sheath having its upper end inturned to form an integral inner cylinder, said outer sheath extending for a substantial lengthwise distance downwardly from the upper end with a substantially uniform outer diameter, and substantially uniform thin wall thickness, said inner cylinder extending lengthwise of said outer sheath and spaced therefrom to provide an annular space for receiving a roof vent pipe, said inner cylinder extending downwardly from said upper end for a distance substantially greater than said outer diameter of said outer cylindrical sheath, thereby protecting the vent pipe, and an outwardly flaring portion extending downwardly from said sheath.

The rejection affirmed by the board was that the invention of claim 11 was unpatentable over Elkerton[1] in view of Blanchard.[2]

Elkerton discloses the following "vent-pipe flashing":

[A 7776]

1. U.S. 1,202,687, issued Oct. 24, 1916.

2. U.S. 1,751,026, issued Mar. 18, 1930.

Tubular metallic member 6 has an outwardly extending portion 6a which telescopes with a top tubular member 7, the upper end of which is turned inwardly, as shown, being adapted to hook over the upper end of vent pipe 3 to prevent water from finding its way along the outside of the vent pipe.

Blanchard shows a chimney cap illustrated by the following figure:

[A 7777]

The chimney cap includes a hollow conduit B comprising an outer shell 6 and an inner shell 7 which together form a dead air space within the chimney. The air within the space is heated by the flue gases to raise the temperature within the chimney.

The examiner thus stated his position:

Elkerton shows a shield for a roof vent pipe comprising an outer cylindrical sheath 6, 7, which, though it may be slightly tapered, is of substantially uniform outer diameter. Sheath 6, 7 has an outwardly flaring portion 6a extending downwardly therefrom, and is inturned at its upper end to form an integral inner cylinder (not numbered, see top of the Figure). Elkerton does not specify the downward extent of his inner cylinder, and it appears from his drawing to be relatively short. However, to extend its downward reach to a distance substantially greater than the diameter of the outer sheath, as in Blanchard at 7 (Fig. 2), [3], would be obvious.

The board agreed with the "examiner's position that Blanchard makes obvious extending the downward reach of Elkerton's inner cylinder." The board further stated, in response to appellant's argument that Blanchard relates to a different art than appellant's device:

Admittedly, the inner sleeve of this patented device is designed to perform in a different manner than appellant's but the reference is relied upon solely for its teachings of varying the length of an inner sleeeve to increase its effectiveness. To that extent we find the patent disclosure analogous.

Appellant argues that the two references cannot be combined to support the rejection under § 103. He states:

It is quite true that individual elements of the claim are found in one or the other. But these references are concerned with such dissimilar problems that the mere knowledge of a long depending shell structure in Blanchard to absorb the heat from the hot flue gases, does not obviously suggest that there would be any advantage in Elkerton to replace the inner hook with a long depending inner cylinder. The Blanchard inner structure would be useless in Elkerton to accomplish the function for which it was intended in Blanchard's heated chimney. The claim is unobvious over Blanchard because it recites structure outside the vent pipe which protects from top to roof line and this is not shown or suggested by Blanchard. The claim is not obvious from the combined references because there is no suggestion

in either reference of any advantage in combining the outer structure of the one with the inner structure of the other. Moreover, the actual substitution of Blanchard's hollow shell structure 6, and 7 for the hook of Elkerton would produce an incongruous assemblage which would have no practical value whatsoever.

## OPINION

We disagree with appellant that his invention is unobvious because neither reference suggests any advantage in combining the outer structure of Elkerton with the inner structure of Blanchard or the substitution of Blanchard's hollow shell structure for the Elkerton hook. The board noted correctly that the Blanchard reference was "relied upon solely for its teachings of varying the length of an inner sleeve to increase its effectiveness." Combining the *teachings* of references does not involve an ability to combine their specific structures.

Appellant has admitted that the question here is the obviousness of replacing what he calls the hook-like structure of Elkerton with a longer inner member, as shown by Blanchard, but appellant maintains that Blanchard is concerned with such a dissimilar problem that Blanchard does not obviously suggest any advantage to such substitution. We disagree. While Blanchard's *conduit* does provide a dead air space such that the air therein is to be heated by flue gases within the chimney, the individual *shells* 6 and 7 also obviously serve the function which appellant attributes to his inner cylinder 24, that of *protecting* the inside of the chimney flue. If greater protection for the inside of the vent pipe is desired, we consider it would have been obvious to one of ordinary skill in the art to extend Elkerton's hook-like top edge downwardly, especially with the teaching of Blanchard of a long inner sleeve.

Accordingly, the decision of the board is affirmed.

Affirmed.